# IN THE UNITED STATES DISCTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:25-cv-01517

JAMES L. LAWSON,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, DBA DENVER INTERNATIONAL AIRPORT, FLAGSHIP ENTERPRISES PARENT, INC.,

    Defendant.

## COMPLAINT

**COMES NOW** the Plaintiff, James L. Lawson, by and through legal counsel Loretta D. Collins, of Collins Law Office P.C., 1633 Fillmore Street, Suite 414, Denver, Colorado, 80206, and hereby states as his Complaint against the Defendant the following:

### I.    IDENTIFICATION OF THE PARTIES

1. Plaintiff, James L. Lawson, (hereinafter "Plaintiff") resides at 4314 North 65th Street, Apartment 4, in the city of Omaha, County of Douglas, State of Nebraska.

2. City and County of Denver dba Denver International Airport, (hereinafter "Defendant Denver") was and/or is doing business in the City and/or County of Denver, State of Colorado with a principal office street address of 8500 Pena Boulevard, Denver, Colorado 80249.

3. Flagship Enterprises Parent, Inc., (hereinafter "Defendant Flagship") was and/or is doing business in the City and/or County of Denver, State of Colorado with a principal office street address of 405 S Kimball Avenue, Southlake, Texas 76092.

## II. VENUE AND JURISDICTION

4. Plaintiff Lawson hereby incorporates paragraphs 1 through 3 as if fully set forth herein The incident giving rise to this action occurred at 8500 Pena Blvd., Denver, CO 80249 known as the Denver International Airport.

5. This Court has jurisdiction to hear this case pursuant to 28 U.S.C. §1332, Diversity of Citizenship, amount in controversy in that the Plaintiff Lawson has demanded a sum in excess of $500,000 which is in excess of the $75,000 required under 28 U.S.C. §1332. "The District Court shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs and is between: (1) Citizens of different states."

6. Plaintiff Lawson has demanded the amount $500,000 which is in excess of $75,000 as required, and the District Court shall have original jurisdiction.

7. Plaintiff Lawson is a citizen of the United States and residing in the State of Nebraska.

8. Defendant City and County of Denver dba Denver International Airport are entities/citizens of Colorado conducting business, and had a principal street address in the County of Denver, State of Colorado at the time of the incident.

9. Defendant Flagship Enterprises Parent, Inc., are entities/citizens of Colorado conducting business, and had a principal street address in the County of Denver, State of Texas at the time of the incident.

## III. GENERAL ALLEGATIONS

10. Plaintiff Lawson hereby incorporates paragraphs 1 through 9 as if fully set forth herein.

11. The incident giving rise to this action occurred in Denver County, State of Colorado.

12. At all times relevant herein, Plaintiff Lawson, acted reasonably under the circumstances and was not comparatively at fault.

13. At all times relevant herein Plaintiff Lawson has mitigated his damages.

14. Plaintiff Lawson, has and/or had received compensation from a collateral source. Medical bills may have been paid by, including but not limited to Medicaid, and said entities have an equitable right of lien against any third-party settlement or recovery.

15. On or about May 15, 2023, Plaintiff Lawson, entered the Denver International Airport, located at 8500 Peña Boulevard Denver, Colorado, enroute home to Omaha, Nebraska.

16. On or about May 15, 2023, immediately after entering the airport, plaintiff Lawson stepped, slipped and fell on an unknown slippery substance that was puddled on the floor of the airport, near the Frontier check-in area, causing serious injuries as more fully alleged.

17. At all times material hereto, the airport entrance was not properly maintained to avoid the dangerous condition of the unknown and slippery substance.

18. At all times material hereto, there were no caution signs warning of the dangerous condition on the floor.

19. As a result of the slip and fall, the preceding and foregoing allegations, Plaintiff Lawson suffered injuries and damages and as a result, incurred expenses including but not limited to reasonable and necessary hospital and medical expenses, prescription medication, past lost earnings and other expenses.

20. At all times material hereto Defendants, City and County of Denver dba Denver International Airport and Flagship, failed to maintenance the facility by an act or omission of a public entity or public employee in keeping a facility in the same general state of repair or efficiency as initially constructed or in preserving a facility from decline or failure.

21. The Defendants, City and County of Denver dba Denver International Airport and Flagship, with proper maintenance knew or should have known of the unknown and slippery substance puddled on the floor when immediately entering the Denver International Airport.

22. The 180-day Notice of Claim received by the Denver City Attorney's Office and DEN Legal Department on May 23, 2023, as the statutory notice. Attached hereto and referred to as Exhibit A is the receipt of claim thereof made by Mayor Hickenlooper and City Attorney, respectfully.

### IV.   Plaintiff's First Claim For Relief - *Negligent Maintenance*

23. Plaintiff Lawson hereby incorporates paragraphs 1 through 22 as if fully set forth herein.

24. As a direct and proximate result of the negligent maintenance of Defendant, City and County of Denver dba Denver International Airport, on or about May 15, 2023, James L. Lawson suffered from injuries and damages, including but not limited to hospital and/or medical services and/or prescriptive medications and/or loss of earnings.

25. As a direct and proximate result of the negligent maintenance of Flagship Enterprises Parent, Inc., on or about May 15, 2023, James L. Lawson suffered from injuries and damages, including but not limited to hospital and/or medical services and/or prescriptive medications and/or loss of earnings.

26. Pursuant to C.R.S.A. § 24-10-106 (1)(c) "A DANGEROUS CONDITION OF ANY PUBLIC BUILDING".

27. The dangerous condition which existed at this accident is ...

> "Dangerous condition" means either a physical condition of a facility or the use thereof that constitutes an unreasonable risk to the health or safety of the public, which is known to exist or which in the exercise of reasonable care should have been known to exist and which condition is proximately caused by the negligent act or omission of the public entity or public employee in constructing or maintaining such facility. For the purposes of this subsection (1.3), a dangerous

condition should have been known to exist if it is established that the condition had existed for such a period and was of such a nature that, in the exercise of reasonable care, such condition and its dangerous character should have been discovered. A dangerous condition shall not exist solely because the design of any facility is inadequate. The mere existence of wind, water, snow, ice, or temperature shall not, by itself, constitute a dangerous condition.

28. Either the negligent construction or the negligent maintenance, of a public facility is sufficient to establish the unsafe condition was proximately caused by the negligent omission of the public entity, as element of waiver of immunity, under the Colorado Governmental Immunity Act (CGIA) for injuries resulting from dangerous condition of any public building. *See Springer v. City and County of Denver*, 2013 P 3d. 794 (Colo. 2000).

29. Defendants City and County of Denver dba Denver International Airport and Flagship, owed a nondelegable duty to protect Plaintiff, from an unreasonable risk to their health and safety due to a negligent act or omission in constructing or maintaining the facility.

30. Defendants City and County of Denver dba Denver International Airport and Flagship's breach of their duty consists of, but is not limited to the following:

   a. Failed to maintain the dangerous condition on the airport floor;

   b. Failed to maintain the slippery and unknown substance on the airport floor;

   c. Failure by an act or omission in keeping the airport in the same general state of repair or efficiency as initially constructed or in preserving a facility from decline or failure;

   d. Failure to maintain the physical condition of the airport floor or the use thereof that constitutes an unreasonable risk to the health or safety of the public and plaintiff Lawson;

   e. Failed to maintain a dangerous condition they knew or should have existed; and

   f. Failed to discover the dangerous condition and exercise reasonable care.

31. As a direct and proximate result of the negligent maintenance of Defendants City and County of Denver dba Denver International Airport and Flagship Enterprises Parent, Inc., on or about May 15, 2023, James L. Lawson suffered from injuries and damages, including but not limited to hospital and/or medical services and/or prescriptive medications and/or loss of earnings.

### V.     Plaintiff's Second Claim For Relief - *Premise liability*

32. Plaintiff Lawson hereby incorporates paragraphs 1 through 30 as if fully set forth herein.

33. The Defendant Denver is liable to the Plaintiff Lawson because they had an ownership interest in the property and all of the common areas. Defendant Denver had an obligation to James L. Lawson, a business invitee on the premises, in that pursuant to C.R.S. 13-21-115 § 3(c), an invitee may recover damages caused by a landowner's unreasonable failure to exercise reasonable care to protect against dangers of which they actually knew or should have known.

34. Plaintiff Lawson, falls into the category of individuals who were to be protected under said statute.

35. Defendant Denver owed a duty to James L. Lawson, a business invitee on the aforementioned premises, and all other business invitees on the premises to-wit:

   a. to reasonably inspect and make safe the premises by maintaining the accumulation of water puddles in the common area;
   b. to maintain said premises in a reasonably safe condition;
   c. to reasonably protect against dangers of which they actually knew or should have known;

    d.  to warn invitees of the dangerous condition that was more than a mere presence, but rather an accumulation rain water that defendant Flagship failed to reasonably maintain.

36. Defendant Denver acting by and through its agents, servants, and/or employees at all times material hereto knew of and/or should have known of said dangerous, hazardous and/or defective conditions aforesaid by inspecting the premises after the agents, servants and/or employees of Defendant and premise was not safe. James L. Lawson, was a business invitee, and the condition was allowed to exist for a period of time of which a sufficient inspection and maintenance would have disclosed same.

37. Defendant Denver acting though its agents, servants and/or employees was negligent in its ownership, maintenance, and/or control of the subject premises and the supervision of its agents, servants and/or employees.

38. Due to the negligent selection of its agents, servants, and/or employees, as a party with an ownership interest, Defendant Denver is liable for any inaction or negligence committed by its agents, servants and/or employees since the agents, servants and/or employees failed to exercise reasonable care to protect against dangers of which they actually knew or should have known existed through inspection and maintenance.

39. As a direct and proximate result of the Defendant Denver's, actions aforesaid acting though its agents, servants and/or employees, James L. Lawson suffered injuries and damages and as a result, incurred expenses including but not limited to reasonable and necessary hospital and medical expenses, prescription medication, past lost earnings and other expenses.

40. The Defendant Flagship is liable to the Plaintiff Lawson because they had a business interest in the property and all of the common areas. Defendant Flagship had an obligation to

James L. Lawson, a business invitee on the premises, in that pursuant to C.R.S. 13-21-115 § 3(c), an invitee may recover damages caused by a landowner's unreasonable failure to exercise reasonable care to protect against dangers of which they actually knew or should have known.

41. Plaintiff Lawson, falls into the category of individuals who were to be protected under said statute.

42. Defendant Flagship owed a duty to James L. Lawson, a business invitee on the aforementioned premises, and all other business invitees on the premises to-wit:

a. to reasonably inspect and make safe the premises by maintaining the accumulation of water puddles in the common area;

b. to maintain said premises in a reasonably safe condition;

c. to reasonably protect against dangers of which they actually knew or should have known;

d. to warn invitees of the dangerous condition that was more than a mere presence, but rather an accumulation rain water that defendant Flagship failed to reasonably maintain.

43. Defendant Flagship acting by and through its agents, servants, and/or employees at all times material hereto knew of and/or should have known of said dangerous, hazardous and/or defective conditions aforesaid by inspecting the premises after the agents, servants and/or employees of Defendant and premise was not safe. James L. Lawson, was a business invitee, and the condition was allowed to exist for a period of time of which a sufficient inspection and maintenance would have disclosed same.

44. Defendant Flagship acting though its agents, servants and/or employees was negligent in its ownership, maintenance, and/or control of the subject premises and the supervision of its agents, servants and/or employees.

45. Due to the negligent selection of its agents, servants, and/or employees, as a party with an ownership interest, Defendant Flagship is liable for any inaction or negligence committed by its agents, servants and/or employees since the agents, servants and/or employees failed to exercise reasonable care to protect against dangers of which they actually knew or should have known existed through inspection and maintenance.

46. As a direct and proximate result of the Defendant Flagship's, actions aforesaid acting though its agents, servants and/or employees, James L. Lawson suffered injuries and damages and as a result, incurred expenses including but not limited to reasonable and necessary hospital and medical expenses, prescription medication, past lost earnings and other expenses.

## VI.   Conclusion

**WHEREFORE**, the Plaintiff, Lawson, sues Defendants, City and County of Denver dba Denver International Airport and Flagship Enterprises Parent, Inc., for compensatory damages, including prescriptive medications, hospital and/or medical services, past lost earnings, and/or other expenses sustained or incurred and requests that this Honorable Court enter judgment in favor of Plaintiff Lawson against Defendants, City and County of Denver dba Denver International Airport and Flagship Enterprises Parent, Inc., for an amount to be determined by the Trial Court, together with pre and post judgment interest as provided by law, court costs, reasonable attorney's fees as provided by the statute and for the following:

(1) A monetary award representing a reasonable amount of compensatory damages;

(2) Court costs, deposition fees, expert witness fess and all other costs permitted in accordance with the recognized laws of civil procedure;

(3) Interest from the date of the accident; and

(4) Such other and further relief as this Honorable Court deems proper.

### VII.    Jury Demand

Plaintiff respectfully demand a jury trial on all claims so triable.

**DATED** this 13th day of May, 2025.

                        JAMES L. LAWSON, Plaintiff
                        s/ Loretta D. Collins
                        Loretta D. Collins, Esq. #39954
                        COLLINS LAW OFFICE, P.C.
                        1633 Fillmore Street, Suite 414
                        Denver, Colorado  80206
                        Telephone: 303-997-4700
                        E-mail: lcollinsesq@aol.com
                        Attorney for Plaintiff James L. Lawson

**CERTIFICATE OF SERVICE**

  I hereby certify that on May 13, 2025, a true and correct copy of Plaintiff's COMPLAINT and SUMMONS, was filed and served using the CM/ECF system and personal service to the following:

City Attorney's Office
201 W. Colfax, Dept. 1108
Denver, Colorado  80202
*To be Served for the City*
*And County of Denver*

Registered Agents Inc.
1942 Broadway Ste 314C
Boulder, Colorado  80302
*Registered Agent of Defendant*
*Flagship Enterprises Parent, Inc.*

              /s/ Breon N. Mann
              For Collins Law Office, P.C.